The Honorable, the Judges of the United States Court of Appeals for the Fourth Circuit. Oyez! Oyez! Oyez! All persons having any manner or form of business before the Honorable United States Court of Appeals for the Fourth Circuit are admonished to draw nigh and give their attention, for the Court is now sitting. God save the United States and this Honorable Court. You may be seated. We'll hear argument in our first case, 21-4299 United States v. Lee. Counsel, whenever you're ready. Thank you, Your Honor. May it please the Court, Nick Giles on behalf of the appellant, Austin Lee. Before the District Court sentenced Mr. Lee, it ruled that an enhancement applied on two of his five counts based on a prior conviction for a serious drug felony. Now, applying this enhancement required the Court to make factual findings that went beyond Mr. Lee's prior conviction and asked about his incarceration and even about the instant offense. And because these findings increased the mandatory minimums Mr. Lee was facing, they violated his Sixth Amendment rights under Apprendi and Alleen. Now, the government agrees to this point, Your Honors. The government recognizes that these facts should have been determined by a jury and, in fact, asked the District Court to include them on the jury form below. And the government similarly agrees that Almendarez-Torres doesn't apply here because the elements of a serious drug felony go beyond facts that are inherent to the defendant's prior conviction itself. Even so, the government asks this Court to affirm because the admitted Apprendi error was harmless. Now, this is wrong under this Court's decision in United States v. Liggins. Now, as this Court recognized late last term in Liggins, a harmless error in the Apprendi context is a narrow and demanding standard. What the Liggins Court noted was the heavy burden that the government bears to prove harmlessness. And what Liggins says is an Apprendi error is harmless only when two things are satisfied. One, the facts at issue must be uncontroverted. And two, that the facts must be supported by overwhelming evidence. And I'm quoting from Judge Richardson's opinion in Liggins here, if there is any reasonable possibility that a juror might have chosen to convict, then the error was not harmless. Okay, Mr. Giles, why isn't the proof of the missing element overwhelming within the context of the Liggins decision? Because here you have the defendant's statement that he spent over five years in the penitentiary and that he got out around, what was it, 2015? That's correct, Your Honor. Those statements are on the record. I don't think those statements go to the question of whether the prior conviction had actually been vacated by virtue of his motion that he- Right, but doesn't there have to be some proof? See, I realize that our case law had been talking about whether something was uncontested. And you're saying you're contesting it. But I think that that was something that Liggins did. It clarified what uncontested meant. And saying that the proper way to perform a harmless error analysis in such cases is to ask whether proof of the missing element is overwhelming and uncontroverted. Well, isn't the proof here overwhelming since it came from the defendant himself? Well, I don't think the proof is overwhelming, Your Honor, because nothing that the government offered in its proof actually goes to this question of vacater or question of expungement. But even assuming that- Can I just clarify? You're talking about a different part, a different element, right? So there's the fact of the prior conviction that it had a 10-year max, which you have not contested a judge can decide. That's correct, Your Honor. Then there's the duration of the incarceration and the recency. That's correct. Judge Keenan has pointed out you don't contest duration and recency. You're only contesting the element that you've already said a judge can decide. So why does that matter for what's in front of us? Well, I think, Your Honor, that the argument that Mr. Lee put forward about a potential vacater or a potential expungement could go to those second and third elements as well. For instance, if a conviction had been vacated, I think there's an argument that his- So how does that render the other two issues that you say should go to a jury? How does that make that not harmless? If you admit the judge can decide validity, here the judge decided validity, and that's what you say is the predicate to the other two elements. Well, I don't think it's a predicate to the other two elements, Your Honor. I think it's a three-part test where you have to satisfy all three elements. And we will concede that if it were just the first element, if it were just the fact of conviction, and that's what this statutory provision looked like prior to the First Step Act, we concede that can go to a judge without constitutional concern. But here you do have a three-part test. It has to be the conviction with a maximum sentence of at least 10 years, plus the duration of incarceration, plus the recency, what we call the- And do you-you haven't contested the last two elements? I think, Your Honor, that his argument about vacator, you know, fairly and broadly read, you know, would go to those second elements as well. Well, on the vacator issue, in Nader, the court says it is enough to just contest- Well, his-that would have been the defendant's testimony, Your Honor. And the defendant submitted a statement before the district court. The district court sort of, you know, rejected that as a pro se statement at that time when, you know, he was represented by counsel. Subsequently, at the 851C hearing, his counsel below did incorporate his position on that motion, Your Honor. But he testified at trial to the conviction. He did testify at trial to the conviction, but the vacator issue was not at issue at trial because those issues were not included on the jury form. It seems to me, Mr. Giles, that maybe one of the deficiencies of your position is that a defendant could then contest by simply saying that conviction isn't good and that that's enough. I mean, how can that ever constitute overwhelming evidence? Well, I don't think, Your Honor- Or uncontroverted evidence, just to have the defendant come in. Because then under that theory, it seems to me you could never have harmless error. If the defendant contested the fact of the prior conviction and had no evidence, he would hold the keys to harmless error in his pocket and effectively keep the court from analyzing the evidence in the case. Well, I think, Your Honor, we're talking about a very narrow set of cases, we hope, a case where there is an apprendee error below. So by definition, we're talking about a case where the defendant's Sixth Amendment rights were violated. But I don't think that's true, Your Honor. And I think if we look at both Nader and Leggins, we find cases where the court has found the error was harmless. And those are cases in which the defendant chose not to contest the elements that are at issue. But I do think it's correct, Your Honor, that a defendant does have a right to put the government to its burden of proof on factual elements that it's required under the Constitution to prove to a jury. I don't think the Sixth Amendment, you know, guarantees a right to a trial by jury on close facts or on difficult facts. I think it requires a right to a jury on all facts. Right, but the government doesn't have to prove the negative, that the conviction has not been vacated. The government simply has to prove the fact of the conviction, plus then those other elements that follow. They would have to prove the conviction and the elements that follow, again, beyond a reasonable doubt. And I think the defendant would have every right to stand there and hold the government to its burden of proof. So I do think, Your Honor, that if we read Nader and Leggins, you know, at face value, that that bar is quite low. The bar for what it means to be uncontroverted is quite low. And it's low for a variety of reasons. You know, one, as the en banc Third Circuit has pointed out, there is a tension in ruling that apprendee errors can be harmless based solely on overwhelming evidence. Because as the Third Circuit put it, then, you know, if we affirm based only on overwhelming evidence, then we're performing the very task that apprendee and a lien instructs judges not to perform. And that same tension is noted in this court's opinion in Leggins. And, in fact, Judge Richardson says, you know, he takes solace in the fact that despite that tension, harmless error is a very narrow and a very demanding standard. So I do think that threshold for what it means to be uncontroverted is quite low. Well, then why would the Leggins opinion have said in the proper way to perform harmless error analysis is to ask whether the proof of the missing element is overwhelming and uncontroverted? It is a two-part test, Your Honor. Yeah, it's conjunctive. It is conjunctive. So it has to be overwhelming as well. It has to be. Well, I think the government has to show that it's overwhelming. I think it's the government's burden to show, you know, that the error was, in fact, harmless. And the government needs to show that the factual questions were both uncontroverted and supported by overwhelming evidence. Now, in our briefs, and as you and I just discussed, Judge Keenan, you know, we do make the argument as to why we don't think the evidence is overwhelming here. But even setting that argument aside, even if we don't win on that, I think we still win on the first prong, and that's enough to say it's not uncontroverted. And Liggins is a great example of when the factual issues are uncontroverted, because in Liggins, the defendant said, I can't meet that element. Same as in Nader. You know, I can't meet that element. I don't have facts. You know, here. So where did you contest how long he was incarcerated or the date of his release, the time between the offenses? You know, Your Honor, I don't think that the defendant, in order to, you know, survive an Apprendi error review, has to contest sort of element by element and offer proof for each element. Sure it does. It's talking about evidence being uncontroverted and overwhelming. And we only know if evidence is overwhelming by analyzing the element that the evidence is meant to meet. That's correct, Your Honor. But I think it would be enough for the defendant to say, I simply want to hold the government to its burden of proof. I simply, I am not. But here, it's not here. It wasn't just we went to a jury. The jury didn't get this instruction, so I didn't have to put on any evidence. Then you went to a judge who did have to decide it, and you had a whole hearing where he could put in evidence. And he didn't. And it seems to have been undisputed. So it's kind of different than the cases where you can just say, well, we didn't have to put in evidence in front of the jury on this. This element had to be proved to the judge, and it was not contested there. Sure. So two things to that, Your Honor. I would say, you know, the first is that, you know, the evidence that a defendant might put forward before a judge is going to be different than evidence he might put before a jury. Just as a strategy in a bench trial might be different than a strategy in a jury trial. So I don't think looking at what. This is all hypothetical and might totally be true in some cases. But in this case, is there a dispute? Do you disagree that he was in prison for the amount of time that the government says he was? The length of his actual period spent in jail, Your Honor, I don't think is at issue. But I do think that. What about the date of his release? The date. Well, the date of his release, I don't think is at issue. Because there was testimony from his probation officer. Right. OK. But, Your Honor, I do think that those issues, I think, well, I think two things. One, his testimony or, you know, his sort of offer of proof about the potential vacater, you know, really could impact those second two elements. Because, again, the government would have to prove that fewer than 15 years had passed between his release on his prior conviction and the commission of the instant offense. If the prior conviction has been vacated, I really don't think that there's, you know, a release on an instant, a release on a prior conviction, you know, could arguably be sort of a null point. But, again, you haven't contested that whether the prior conviction has been vacated is a question for the judge. The first element, if the First Step Act or the definition of serious drug felony required only the first element, then, yes, that could be constitutionally decided by a judge. But I think in this situation, you know, what the jury put below was or what the government per Department of Justice policy requested on the jury forum below was all three questions. And they sort of acknowledged the burden to prove those to a jury beyond a reasonable doubt. But under Alamendrez-Torres, is it an error for the judge to decide the first element? Again, if it were just the first element, I don't think that would be an error under Alamendrez-Torres. No, I don't think fairly read that would be, Your Honor. But, again, I think there were two other elements at issue, and the defendant indicated a desire to contest, to controvert, you know, the government's assertion that that enhancement applied. I think even if Mr. Lee had stood up and offered, you know, virtually nothing and had said, look, I demand to hold the government to its burden of proof. A case that's potentially a helpful analog here is the Ninth Circuit's decision in the United States versus Guerrero-Yasso. And there, you know, what the court said was, look, we have a defendant here. The defendant, you know, signaled his intention not to accept the government's assertion that an enhancement applied. And he should have been given the opportunity to argue that before a jury. And what the judge said, if that had happened, he could have challenged the authenticity of certain documents. He could have cross-examined the government's witness. He could have pointed to chain of custody concerns with certain of the documents, right? He also could have done all that in the judge, in the hearing before the judge, right? He could have done that before the judge. Here, Your Honor, yes. But I think that different, again, different evidentiary standards may have applied before a jury. And sort of different strategic considerations should have applied. So I think the minute that he controverted the evidence, you know, with testimony, you know, with his assertion, that arguably could have persuaded a jury to find, persuaded one juror to find reasonable doubt on those elements, I think that, you know, that's enough under this court's decision in Liggins. Otherwise, I think we look at, we're looking at an expansion of Liggins, which says, you know, not just uncontroverted, you know, and supported by overwhelming evidence, but put aside the overwhelming evidence element for just one moment. Not just uncontroverted, but substantially uncontroverted, or convincingly uncontroverted, or sort of, you know, looking at the record to determine the degree of uncontrovertedness. And I think those are really questions about the nature and the degree of the evidence that go to the overwhelming prong and not to the uncontroverted prong. And I don't think we can treat those two parts of that conjunctive test as synonyms of one another. Thank you, counsel. Thank you. We'll hear from the government. Thank you. Lucy Brown from the United States, and may it please the court. Harmless error from trial is a high bar, as well it should be. But if this case doesn't clear it, what does? We agree with defense that these questions, the two narrow fact questions, should have gone to the jury in this case, and they didn't. But this error is harmless in this case for two separate reasons. First, the one we've been focusing on this morning, that there is overwhelming and the government would argue uncontroverted, insufficiently controverted, certainly, evidence to support those two questions. And second, because the sentence in this case was driven by the guidelines rather than these enhanced statutory penalties at all. The Supreme Court told us in Netter that the question is actually this. Is it clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error? And a way of showing that is this uncontested and overwhelming evidence. So let's look to what that was in this case. Here, as your honors have pointed out, these are just those two narrow questions. How long did Mr. Lee himself spend in custody? And when was he released in conjunction or in relation to the crime in the instant case? Those are undisputed at trial. There is a lot of evidence about them. There is the records themselves, the testimony of his probation officer, his video statements at the time of his arrest, but perhaps most importantly, his sworn testimony at trial when I asked him, you did about five years, right? Yes, I did. You were released at the end of 2015, right? Yes, I was. That's it. That's all we need to know on those elements. They were uncontested by his own sworn testimony as well as all the other evidence that was introduced. Won't these errors, for that reason, pretty much always be harmless? I mean, you can imagine a case maybe where it's a little unclear how long someone served because of, you know, good time credits or something, and maybe the records are unclear. But should it give us pause that if we don't address the constitutional question, it may never be addressed because this will always be harmless? I think there are a lot of ways that this can go  The facts just didn't line up in this case to make that happen. One immediate example that comes to mind is a case where a defendant would stipulate to the old chief stipulation where the issue of his prior conviction doesn't have to be proven to a jury. That would constrain the evidence that comes in at trial and may limit the evidence that's before a jury on the record about this prior conviction in a way we were not constrained  So more evidence came in in this case than probably would in a typical case. Still have the hearing in front of the judge. Certainly. But I guess, yeah, the defendant might have a little bit of a better argument that, well, we didn't get to put it in front of a jury. But it just, these are so, these two questions seem like they could be easily proven by documents and struck me as probably always, except in an exceptional case, harmless. Which means, you know, a judge might always get to decide them even if constitutionally they shouldn't. And I think these two questions are fairly routine. I think the district court said that in her order in this case. It is something that's proven by documents. Probably most of the work is done on that first question. Was there this conviction? And perhaps you have these sort of more robust disputes about that than we had in this case. And that's the protection. That's probably the most important thing to the defendant. It's probably a lot less about the time spent in custody and more about was this a valid conviction. That's not the dispute we had in this case. But one can certainly imagine that that is a robust argument. Here it simply wasn't. And I want to talk about that conviction as well. This defendant, it's not enough simply to say, this was vacated, don't ask me any questions, but it was vacated, take my word for it. That's not enough under the case law. So how would you define uncontested? Because, I mean, Leggins does talk about overwhelming evidence and uncontested in the conjunctive. So you've got to show both, right, that it's overwhelming and that the missing element is uncontested. So if you were writing the opinion of the court, what would you say is the definition of uncontested that applies in the context of Leggins? I think at the very least there has to be something beyond the defendant's bald assertion, something. And that's a low bar. We've got to offer guidance here to the bar. And so how would you define uncontested? You're saying uncontested is something more than the defendant's statement? Yes, Your Honor. I think even that low bar would eliminate the argument in this case because that was all he had. But the defendant could offer more evidence. In other words, his statement, not in this case but in another case, could be more comprehensive. So we don't want to limit the definition of uncontested to exclude anything the defendant says, do we? I don't think you want to limit it to exclude anything the defendant says necessarily, Your Honor. In this hypothetical, I think something beyond his mere statement that it was vacated, some sort of documentation, some sort of showing an offer of good faith, proof that something exists that could be obtained. It's why we have a hearing on this. Okay, but doesn't that suggest it doesn't have to be overwhelming? You see what I'm saying? The two concepts are stated in the conjunctive, yet they do seem to run up against each other. I think that overwhelming is to the – my understanding of overwhelming is to the government's evidence about that prior conviction, and the uncontested is more about the defendant showing. And I think – Well, that's not how Leggins sets it out. Leggins talks about the proper way to perform the harmless error in analysis is to ask whether proof of the missing element is overwhelming and uncontroverted. That's why I'm trying to get you to help us perform this analysis by defining uncontroverted. And I think perhaps I understand what Leggins is saying a little differently. My understanding is the overwhelming is on the government. We have to show this missing element was not even a close call, and I think we've done that in this case for the reasons we've been discussing. The uncontested, I think, has a little more to do with what defendant brings to the table. Did the defendant challenge it in a way that is sufficient to give this court pause, that is this really a harmless error? Is there something to this? And I think at the bottom, if you're asking for that hypothetical definition, I think it's fair to say it has to be something more than just a defendant's statement that this was vacated. And in this case, we actually also had indications that it was not vacated. Well, is the term uncontroverted then surplusage in your view? In other words, if the evidence is overwhelming, does it matter? In other words, I mean, the court chose these words carefully, and it seems to me that we have to look at them as having distinct meanings. Certainly, and I don't think it's surplusage. I think in any jury trial, the United States should and hopefully does believe their evidence is overwhelming, but certainly not guilty verdicts happen. I think it probably is a rare instance that this occurs, but it's supposed to be. It's an unusual and very specific fact pattern. I just think in this case, there was nowhere near a showing to controvert this evidence sufficiently. And in this case, we had just the defendant's bald assertion. We had indications that it was in fact not true, not just his admissions at trial, but the actual on the issue of vacator that he raised for the first time after trial, there were indications that that was not true. For one thing, the evidence itself, the conviction, was obtained months after he said that it had been vacated. He said, I moved for this, I believe, in July 2020. It was granted in October 2020. This certified conviction was from January 2021. There's certainly no evidence of vacator on the face of the conviction. Also on the face of the conviction is a paragraph that talks about restrictions and penalties if expunged or vacated convictions are used adversely against people in a certain drug context. I believe it was marijuana convictions. But it says on the face of that conviction, you cannot use a vacated conviction against someone. That shows the seriousness with which this court takes that change in the conviction's history. And again, no indication. I also think it's important that the defendant arguably abandoned this argument at the trial level because after this hearing, whereas Judge Rushing pointed out, this was his day in court. He had the opportunity. If he has this cross-examination, if he has these witnesses that he says now he could bring on remand, he had his day in court on this. This was a live issue at the district court level. There's no reason to hold that back if they exist. They simply don't exist. Do you agree that even if the validity of the conviction was contested, the other two elements of the enhancement, the duration of incarceration and the recency, were not contested at all? I do think they were not contested, yes. I think after the hearing, it's arguable whether the defendant even persisted in the vacator argument. I think he abandoned it, as did his counsel. When the pre-sentence report came out, it scored that conviction. It hurt the defendant. He had three points added to his criminal history, increased his criminal history category, increased his sentencing exposure under the guidelines, and he filed pro se objections to that report and his attorney filed objections to that report. Neither of them raised this issue. Neither of them objected to that New York conviction or its validity as a conviction. So I think arguably they even abandoned it after the hearing at the district court level. I'll ask you the same question. So under the first element, was it improper for the judge to decide? We certainly took the position, and we have conceded error in this case, that the two narrow fact questions should have gone to the jury. As far as that first question, did he have this conviction? No. I think under Almandar-Estorra, the judge properly decided that. There's also this separate issue in this case of a whole other reason why this isn't a harmless sentence. Even if we have qualms about whether or not he controverted sufficiently, et cetera, which of course the government does not believe he did, this sentence was also harmless because it was driven by the guidelines. It was not driven by those enhanced penalties. You can see that in the sentence itself. In this case, the enhanced penalty for count one implicated a mandatory minimum of 180 months. The defendant got 280 months. The enhanced penalty for count five implicated a mandatory minimum sentence of 120 months. The defendant got 280 months, 160 months over that increased mandatory minimum. That shows the lack of effect that these enhanced penalties even had on the sentence. We don't usually speculate about what a district court was thinking when it comes to the sentence, especially if the range, that mandatory minimum changed. Sometimes a district court will tell us on the record, I would apply the same sentence even without the enhancement. Do we have anything like that here? We do, Your Honor. She did not say that at sentencing, but she did it, in fact. Counts two, three, and four had no mandatory minimum in this case, and the defendant received the same sentence on those counts as he did in counts one and five with those enhanced mandatory minimums. Those ran concurrent, right? They did, certainly, but we also saw in the 924C count. She certainly could have imposed 280 months on that because they're all running concurrently, and she didn't. She imposed the 60 months mandatory minimum. That might be one where we would have a more challenging conversation about the impact of the statutory range, but she didn't do that for counts two, three, and four. She said 280 months is the correct sentence here, even when my hands are not tied by any mandatory minimum. For all these reasons, we think the error in this case in not sending those questions to the jury was harmless, and unless there are any more questions from the panel, we'd ask that you please affirm. Thank you, Counsel. Thank you. We'll hear from Counsel on rebuttal. Thank you, Your Honor. Your Honors, I think the government's language is telling as to how it looks at the Liggins conjunctive test. On multiple occasions, my colleague on the other side said insufficiently controverted or controverted sufficiently. That's not what Liggins says. Liggins doesn't say controverted sufficiently, controverted meaningfully. Those are certainly words it could have used, but it chose not to. Okay, so how do you define uncontroverted, Mr. Giles? Is it simply the defendant's bare assertion? I think certainly defendants are acquitted on their bare assertions every day. I think defendants are acquitted on less than their bare assertions every day. I think defendants are acquitted based on their ability to poke holes in the government's theory, to hold the government to its burden of proof, to challenge, to cross-examine. Those are evidentiary tools that I think should be available before a jury. Okay, but let me ask you, how can anybody prove, how could the government in this case, the burden under Liggins, how could you prove both that the evidence is overwhelming and uncontroverted? I think Liggins is a good example of that. Where the defendant simply says the conviction was vacated, under your point of view, that's enough to defeat the Liggins test, right? Yes, I do think that's enough under the Liggins test. I think it's enough for the defendant to say, I do not concede to the government's assertion that this enhancement should apply. I think it's enough to say I'm holding the government to its burden of proof. Now, Liggins is a good example of when a government can show both. When a defendant does not controvert the evidence, concedes the evidence, okay, then the court proceeds to the second part of the Liggins test. Okay, he admitted it, but let's double check and make sure it's supported by overwhelming evidence. Okay, so the basis for everything you're saying really is it's the government's burden, and so the defendant doesn't have any burden beyond contesting it. That's right. That's right, Your Honor. And I think one other thing the government mentioned is, okay, these facts are sort of easily proven by documents. I think that goes to the second prong. As much of the government's argument goes to the second prong, the overwhelming evidence prong, on the point of documents, I would point out that Shepard limits judicial fact-finding to judicial records. And a certificate of incarceration I'm not certain qualifies as a judicial record. Certainly it goes beyond the sort of facts inherent in the conviction itself. So, yes, they may be easily proven by documents, and certainly the government is confident in its ability to argue this case in front of a jury. But, again, I don't think the Sixth Amendment guarantees a right to a trial by jury on facts that are not easily provable by documents. Government meets its burden of proof on documents every day. I don't think that's a remarkable thing to point out here. The last thing I'll point out is Your Honor asked Judge Rushing, wouldn't this always be harmless under the government's theory? And I think that that's true. It would be a very rare case if a defendant had to show uncontroverted to a certain degree. And it would be completely subsumed with the other prong of the Leggins test. Essentially those two parts of the conjunctive test would become one. I don't think that's correct as a matter of plain meaning. I also don't think it's an appropriate way to read the court's precedence. I also think it bears the question, begs the question rather, what is the harm in the Sixth Amendment context? If we're going to say that this was harmless from a Sixth Amendment, harmless, there was no harm, what is the Sixth Amendment harm? And I don't think the Sixth Amendment is in place because judges can't decide facts, judges always get facts wrong. So the harm in the Sixth Amendment context is not that a judge is going to reach the incorrect result. The harm is in who gets to decide it. As the Supreme Court says, the jury has to be a bulwark between the accused and the criminal justice system. So for those reasons, Your Honor, we would ask that you vacate the sentence. Thank you. Thank you, counsel. We'll come down and greet counsel and then proceed with our next case.
judges: Allison J. Rushing, DeAndrea Gist Benjamin, Barbara Milano Keenan